IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GOVERNMENT TELECOMMUNICATIONS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-966C |
| | ) | (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. The allegation contained in the first sentence of paragraph one is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. The allegation contained in the second sentence of paragraph one is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

2. The allegation contained in paragraph two is a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

3. Denies the allegation contained in the first sentence of paragraph three, for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations contained in the second sentence of paragraph three to the extent supported by the contracts cited, which are the best evidence of

their contents; otherwise denies the allegations contained in the second sentence of paragraph three. Denies the allegations contained in the third, fourth and fifth sentences of paragraph three for lack of knowledge or information sufficient to form a belief as to their truth.

4. The allegation contained in paragraph four is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, defendant admits that the United States is the defendant in this action.

5. The allegations contained in the first sentence of paragraph five are plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second and third sentences of paragraph five. Denies the allegation contained in the fourth sentence of paragraph five, that the United States Postal Service ("USPS") improperly terminated the parties' contract; the remainder of the allegations contained in the fourth sentence of paragraph five are plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegation contained in the first sentence of paragraph six is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Denies the allegation contained in the second sentence of paragraph six that the USPS breached the parties' contract; the remainder of the allegations contained in the second sentence of paragraph six are plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The allegation contained in the third sentence of paragraph six is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

7. Admits the allegation contained in the first sentence of paragraph seven to the extent supported by the request for proposal ("RFP") and statement of work ("SOW") cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph seven. Admits the allegations contained in the second and third sentences of paragraph seven.

8. Admits the allegations contained in paragraph eight to the extent supported by the SOW cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph eight.

9. Admits.

10. The allegation contained in the first sentence of paragraph 10 is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Denies the allegations contained in the second sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits the allegation contained in the first sentence of paragraph 11 to the extent supported by the request for equitable adjustment ("REA") cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 11. Admits the allegation contained in the second sentence of paragraph 11, that the cited REA was the fifth of six REAs submitted to defendant; admits the remaining allegation contained in the second sentence of paragraph 11 to the extent supported by the REAs cited, which are the best evidence of their contents; otherwise denies the remaining allegation contained in the second sentence of paragraph 11.

12. Admits.

13. Admits the allegations contained in paragraph 13 to the extent supported by the electronic mail ("E-mail") cited, which is the best evidence of its contents; otherwise denies the

allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the REA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegation contained in paragraph 15 that the USPS sent a letter to plaintiff dated January 14, 2005 terminating the parties' contract for the convenience of the Government, effective immediately, to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies this allegation. Denies the allegation contained in paragraph 15 that plaintiff received the cited letter on January 18, 2005, for lack of knowledge or information sufficient to form a belief as to its truth.

16. Admits the allegations contained in paragraph 16 to the extent supported by the response cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Admits the allegations contained in paragraph 19 to the extent supported by the termination settlement proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Denies the allegations contained in the first sentence of paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 21 to the extent supported by the e-mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 21.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Denies.

24. Denies.

25. Denies the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28. Admits the allegations contained in the first sentence of paragraph 28 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 28. Admits the allegations contained in the second sentence of paragraph 28. The allegation contained in the third sentence of paragraph 28 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

29. Denies the allegations contained in the first and second sentences of paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegation contained in the third sentence of paragraph 29.

30. Denies the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Denies the allegations contained in the first sentence of paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegation contained in the second sentence of paragraph 31.

32. Denies.

33. Denies.

34. Denies the allegation contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to its truth.

35. Denies the allegation contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to its truth.

36. Defendant's responses to paragraphs 1 through 35 of the complaint are incorporated by reference.

37. The allegation contained in paragraph 37 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

38. The allegation contained in paragraph 38 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

39. Denies the allegations contained in the first and second sentences of paragraph 39. The allegation contained in the third sentence of paragraph 39 is a conclusion of law, to which no response is required; to the extent it may be deemed an

allegation of fact, it is denied. Denies the allegation contained in the fourth sentence of paragraph 39. The allegations contained in the fifth sentence of paragraph 39 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

40. Denies.

41. Denies.

42. The allegations contained in paragraph 42 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 42 or to any relief whatsoever.

43. Defendant's responses to paragraphs 1 through 42 of the complaint are incorporated by reference.

44. The allegations contained in paragraph 44 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

45. Admits the allegation contained in the first sentence of paragraph 45. Denies the allegations contained in the second sentence of paragraph 45.

46. Denies.

47. Denies.

48. Denies.

49. Denies the allegation contained in paragraph 49 that plaintiff is entitled to recover in this action; the remainder of the allegations contained in paragraph 49 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 49 or to any relief whatsoever.

50. Defendant's responses to paragraphs 1 through 49 of the complaint are incorporated by reference.

51. Denies the allegation contained in the first sentence of paragraph 51. Admits the allegation contained in the second sentence of paragraph 51 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegation contained in the second sentence of paragraph 51. Denies the allegation contained in the third sentence of paragraph 51.

52. The allegation contained in the first sentence of paragraph 52 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the allegation contained in the second and third sentences of paragraph 52 to the extent supported by the memorandum cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and

third sentences of paragraph 52. The allegation contained in the fourth sentence of paragraph 52 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

53. Denies the allegation contained in the first sentence of paragraph 53. Denies the allegation contained in the second sentence of paragraph 53 for lack of knowledge or information sufficient to form a belief as to its truth. Denies the allegation contained in the third sentence of paragraph 53.

54. Denies.

55. Denies.

56. Denies the allegation contained in paragraph 56 that plaintiff is entitled to recovery in this action; the remainder of the allegations contained in paragraph 56 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

57. Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 56 or to any relief whatsoever.

58. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

MICHAEL F. KIELY
Attorney
United States Postal Service
Law Department

DECEMBER 13, 2005

**CERTIFICATE OF FILING**

I hereby certify that on the 13th day of DECEMBER, 2005, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Lauren S. Moore